```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____           │
│ DATE FILED: __3/3/2023___            │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNITED STATES OF AMERICA,

**ORDER**

- against -                                                    19 CR 60 (NSR)

LATOYA ROBINSON

                        Defendant.

--------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

On June 21, 2019, Latoya Robinson ("Defendant") pled guilty to charges of wire fraud conspiracy and wire fraud, and was sentenced by this Court to time served (1 day imprisonment) and 36 months' supervised release.  (*See* June 21, 2019 Minute Entry; ECF No. 81 ("Judgment"); *see also* ECF No. 104 ("Government's Letter Opposition," dated March 2, 2023)). On or about September 1, 2020, she violated the terms of her supervised release. (Government's Letter Opposition.)  On April 20, 2022, the Court re-sentenced the defendant to three years' supervised release from that date, with six months' home confinement.  (*See* April 20, 2022 Minute Entry; ECF No. 101 (Revocation for Probation or Supervised Release Judgment); Government's Letter Opposition.)

On March 1, 2023, Defense counsel wrote a letter to the Court asking for the termination of Defendant's supervised release.  (*See* ECF No. 102 ("Defense Letter")).  Defense counsel argues that Defendant has completed three years of the five-year term imposed by the Court. Defense counsel also states that Defendant's probation officer, Officer Pierre Reyes, supports the application and consents to the request.  Defense counsel informs that Defendant is compliant

1

with her mental health treatment, that "she recently passed her Certified Nursing Assistant and is now in position to seek employment in that area," and that if supervision is terminated, she intends to move out of the New York area to New Jersey.  (*Id.*)

In a letter dated March 2, 2023, the Government opposed the request, arguing that Defendant has provided no basis to support early termination of supervised release. (Government's Letter Opposition.)  The Court agrees.

## LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), the Court may, after considering certain factors set forth in § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010). Early termination is "[o]ccasionally" justified when "changed circumstances—for instance, exceptionally good behavior by the defendant" render the previously imposed term "either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussie*r, 104 F.3d 32, 36 (2d Cir. 1997).

## DISCUSSION

For the following reason, the Court DENIES Defendant's request for early termination of supervised release.

First, the Court agrees with the Government that Defendant has provided no basis to support early termination of her supervised release.  Since Plaintiff's Violation of Supervised Release Sentencing on April 20, 2022, Plaintiff has merely shown compliance with her terms of supervised release.  "Compliance and good behavior is exactly what is expected of all defendants

on supervised release and therefore does not warrant early termination." *United States v. Flores*, No. 99 Cr. 1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010).  In addition, Plaintiff demonstrated quite the opposite of "exceptionally good behavior" when she violated the terms of her supervised release imposed in her original sentence on the underlying charges. Based on Defendant's previously demonstrated inability to comply with the terms of her supervised release, the Court finds it prudent to keep the length of the term of supervised release as currently imposed.

Nor does Defendant provide any reasons why her supervised release conditions are too harsh or inappropriately tailored.  *United States v. Cummings*, No. 06-CR-481 (JGK), 2016 WL 2609548, at *1 (S.D.N.Y. May 2, 2016) ("The defendant has not explained that any particular conditions of supervised release are causing any particular difficulties.").  Defendant does not provide any reasons why she would not be able to obtain employment in the nursing field while on supervised release, nor is her desire to move to New Jersey to "remove herself from the locale where problems have occurred historically" sufficient reason to warrant early termination of her supervised release.  (*See* Defense Letter.)

## CONCLUSION

For the aforementioned reasons, Defendant's request for early termination of supervised release is DENIED.

The Clerk of the Court is directed to terminate the motion at ECF No. 102.

SO ORDERED:

Dated:      March 3, 2023
            White Plains, New York

NELSON S. ROMÁN
United States District Judge

3